State *v.* Berritt.

---

THE STATE *v.* BERRITT & a.

The court of common pleas has no original jurisdiction in cases of assault and battery; but complaints for such offences must be first made before a justice of the peace.

An indictment for a riot, alleging also an assault and battery as incident to the principal offence, is not an indictment for assault and battery, and is within the jurisdiction of the court of common pleas.

INDICTMENT, in which it was alleged that Luther Berritt, Sylvester Cross, True Spiller, Simeon Gordon and Chase

State *v.* Berritt.

Clifford, all of Bridgewater, in the county of Grafton, in this State, together with divers other evil disposed persons, to the number of ten, whose names are to the jurors unknown, on the fifth day of February, in the year of our Lord one thousand eight hundred and forty-five, at New-Hampton, in the county of Belknap, with force and arms, did unlawfully, riotously, and routously assemble and gather together, to disturb the peace of the State; and being then and there so assembled and gathered together, upon the bodies of one John Shaw and Sylvester Shaw, then and there, in the peace of God and said State being, did make an assault, and them, the said John Shaw and Sylvester Shaw, did then and there unlawfully, riotously and routously beat, wound and ill-treat, so that their lives were greatly endangered, and other wrongs and injuries, then and there unlawfully, riotously and routously, to the said John Shaw and Sylvester Shaw, they, the said Luther Berritt, Sylvester Cross, True Spiller, Simeon Gordon and Chase Clifford did, contrary to the form of the statute, &c.

There was another indictment against the same defendants, for an assault and battery committed at the same time and place upon the same parties.

There had been no examination before a justice of the peace, and forasmuch as an assault and battery is set forth in both, the defendants moved that the indictments be quashed.

*Perley*, for the defendants.

*Walker*, Attorney-General, for the State.

Woods, J. It was decided in *The State* v. *Taylor*, in the county of Coos, that the court had not original jurisdiction in cases of assault and battery, and a motion to quash an indictment for that cause was made and prevailed. The Revised Statutes, chapter 218, sections 1 and

2, give the cognizance of such offences, in the first instance, to justices of the peace. The indictment for assault and battery must therefore be quashed.

The other indictment is for a riot, and that offence is formally and substantially alleged, and the assault and battery which occurred are circumstances descriptive of the riot and in aggravation. The statute referred to does not reach such a case. The indictment is well, and the motion to quash cannot therefore prevail.

*Motion to quash denied.*